IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VERNON COOKS, JR., #34976-177 § | | |
| AKA Jibreel Rashad, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | 3:13-CV-0856-L-BK | |
| § | (3:06-CR-0085-L(01)) | |
| UNITED STATES OF AMERICA, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255. For the reasons that follow, it is recommended that this successive section 2255 motion be transferred to the United States Court of Appeals for the Fifth Circuit.

**I. BACKGROUND**

Petitioner was convicted of multiple counts of wire fraud, bank fraud, and money laundering, sentenced to 135 months' imprisonment and a five-year term of supervised release, and ordered to make restitution in the amount of $1,443,954.43. *United States v. Cook*, 3:06-CR-085-L(01) (N.D. Tex. Oct. 19, 2007), *aff'd*, 589 F.3d 173 (5th Cir. Nov. 23, 2009), *cert. denied*, 130 S. Ct. 1930 (Mar. 22, 2010). He unsuccessfully sought relief pursuant to 28 U.S.C. § 2255. *Cooks v. United States*, No. 3:09-CV-1487-L-BN (N.D. Tex. Aug. 31, 2009) (summarily dismissing section 2255 motion as premature because direct criminal appeal was pending); *Cooks v. United States*, 3:11-CV-607-L-BF, 2013 WL 593817 (N.D. Tex. Jan. 25, 2013), *recommendation accepted*, 2013 WL 593838 (N.D. Tex. Feb. 14, 2013) (denying section 2255 motion).

By this action, Petitioner again contests his conviction. (Doc. 2 at 2.) In his sole ground,

he alleges counsel rendered ineffective assistance in failing to disclose that the District Court lacked subject matter jurisdiction under 18 U.S.C. § 3231.  (Doc. 1at 7-8).  In addition he appears to re-assert claims alleged in his July 7, 2009, "Rule 60(b) motion to vacate and set aside conviction," which the District Court previously construed as a section 2255 motion and then dismissed as premature.  *Id.* at 7.

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. §§ 2255(h) and 2244(b).  In general, to raise a new claim, the petitioner must show that the successive motion is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h); *see In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (*per curiam*).  Before a petitioner may file a successive application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant makes the requisite prima facie showing.  *See* 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A)-(B).  Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas application unless the United States Court of Appeals has first granted the petitioner permission to file such an application.  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

The Court of Appeals has not issued an order authorizing the Court to consider the

successive section 2255 motion in this case.  Because Petitioner must obtain such an order before he can file a successive application challenging his conviction, this section 2255 motion should be transferred to the United States Court of Appeals for the Fifth Circuit.  *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the successive section 2255 motion be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.  *See* 28 U.S.C. §§ 2255(h), 2244(b)(3).

SIGNED July 15, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE